## D. McALISTER v. ANN D. McALISTER.

Divorce — Alimony — Attorney's Fees — Cost.

> In a wife's suit against her husband for alimony and divorce, he is by statute bound to pay a reasonable compensation to her attorneys as a part of the cost.

> In defending a subsequent suit by the husband against the wife for divorce an additional compensation to her attorney should be restricted alone to the value of his services rendered in defending that suit.

APPEAL FROM JEFFERSON CIRCUIT COURT.

February 2, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

From the record before us it appears that an appeal had been prosecuted from the court below to this court by appellant from a judgment against him in favor of appellee, and that she was allowed $500 out of his estate as a support, payable in quarter-yearly installments of $125 each, and a judgment was rendered against him in the court below for several unpaid installments, and the cause was retained on the docket as is stated in the judgment " to make all necessary orders during the life of defendant upon the plaintiff and his estate as the several installments may from time to time become due and payable, and to make all proper orders relative to the payment of costs, when the commissioner's report under a reference ordered in this cause shall be made."

The master subsequently reported that $250 would, according to the evidence, be a reasonable fee for the attorney of appellee in the case. To this report exceptions were taken by her attorney, and the subject was again referred to the master, who in a second report stated that $350 would be a reasonable fee to Messrs. Roberts and Speed for appellee and returned the evidence taken before him on the subject of the fee with his report; judgment was rendered for the last named sum, of which appellant now complains.

By the admission of appellee's attorneys in the record it appears that appellant had before the rendition of the judgment now complained of paid by order of the chancellor to her

or her attorneys $900 as fees for services rendered by them for her in this litigation; that certainly seems to us to be a very liberal allowance, and should be regarded as full compensation, or rather the full amount that appellant should be required to pay for the whole of their services touching the allowance to appellee for her support, and in this application for an additional judgment for compensation to her attorneys, the inquiry should be limited to what their services were worth, or what would be a reasonable fee for them, in defending the action brought by appellant against appellee for a divorce. In her action against appellant for alimony and divorce he was, under the statute, bound to pay a reasonable compensation to her attorneys as a part of the costs, and as the amount paid was in our judgment liberal, any additional compensation should be restricted alone to the value of the service rendered by counsel in defending the subsequent suit of appellant for a divorce from appellee, which under the statute, he was entitled, and but little should be allowed, much less than was allowed by the judgment. And as the inquiries of the master were not directed to that branch of the litigation exclusively, the judgment is reversed, and the cause remanded with directions that further proceedings be had consistent herewith, and as the parties were divorced *a vinculo,* appellant will be entitled to costs in this court.

*Harrison & Bennett,* for Appellant.

*Speed & Roberts,* for Appellee.